BROWN, CHIEF JUDGE,
dissents.
11 This is a simple case. The workers compensation insurer read a medical report, determined liability and started making weekly compensation payments— specifically two TTD payments. The payments were delivered and accepted. The insurer received a supplemental report and reversed its decision to pay benefits. It then communicated this decision to claimant’s attorney and asked that the money be returned. Claimant’s attorney returned the second check and refunded the money for the first check which had been cashed. Claimant’s attorney now has a malpractice lawsuit against him for letting the claim prescribe. As for SEB, if a payment has been made, prescription is three years from the date of the last payment.
The general jurisprudential rule requires strict interpretation of prescription *392 statutes. There was a payment, delivery and acceptance. The WCJ, while admitting that this issue was res nova, or a case of first impression, said it was “hard-pressed to find that a check which is by all accounts issued by mistake, and which is in short order voluntarily returned or reimbursed by the claimant, is anything other than a mistake.” (Emphasis added). Is the word “short order” necessary? Instead of “mistake,” the correct terminology is “reevaluate,” which is what the insurer did when it received the doctor’s second report. What if instead of one or two checks it had issued ten or more payments to claimant before his claim had been “reevaluated”?
|2In his dissent in Whitehall Oil Co. v. Boagni, 217 So.2d 707, 713-14 (La.App. 3d Cir.1969), Judge (later Justice) Tate wrote:
The exception sought to be applied here does violence to the general legal principle that, for the stability of society and of transactions, voluntary payments made with full knowledge of all the facts and not under duress may not subsequently be recovered, even though the amount so paid is not actually owed. (Citations omitted).
Similar rules are applied by the common law also. See 70 C.J.S. Payment ss 133-144. This ancient and universal legal principle is expressed by the maxim, ‘Volenti non fit Injuria’ (‘That to which a person assents is not esteemed in law an injury’). Broom’s Legal Maxims (5th ed., 1870).
There was no error of fact in the instant case sub judice. The insurer received a medical report which was and remains accurate. .It evaluated the report, accepted liability and paid weekly benefits. The insurer then received a second report and decided it had made a mistake of law. As Judge (Justice) Tate opined in Whitehall Oil Co., 217 So.2d at 713-14, “The exception sought to be applied here does violence to the general legal principle that, for the stability of society and of transactions, voluntary payments made with full knowledge of all the facts and not under duress may not subsequently be recovered, even though the amount so paid is not actually owed.” Only through the voluntary action by claimant’s attorney could the insurer recover the money paid. Thus, the payment was made and prescription started to run from the date of the last payment.
APPLICATION FOR REHEARING
Before BROWN, STEWART, DREW, MOORE and PITMAN, JJ.
Rehearing denied.
BROWN, C.J., and DREW, J., would grant rehearing.